UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00015-HBB

**DARLA CLARK**                                                                                              **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Darla Clark's motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414(d) (DN 23). Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16). The Court, having reviewed the record, will grant the motion in part and deny the motion in part.

### Background

In February of 2015, Darla Clark ("Clark") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Administrative Law Judge's denial of benefits (DN 1). The

Commissioner filed a joint motion to remand the case for further proceedings under "sentence four" of 42 U.S.C. 405(g) (DN 20). The Court granted the joint motion, directing the Administrative Law Judge to further evaluate the treating source opinion of Michael Cummings, M.D., and reversing the final decision of the Commissioner (DN 21). Now, Clark has filed a motion for an award of attorney fees (DN 23). In support, Clark submits a memorandum, an affidavit and waiver, and the declaration of Howard D. Olinsky (DN 23-1, 23-1, 25-1).

Analysis

Clark seeks attorney fees in the amount of $6,790.52 per hour (DN 23-1, at p. 2). She believes that the Consumer Price Index for this region requires a cost of living increase, yielding an hourly rate of $176.13 for attorneys and $100.00 for paralegals (Id.). Clark calculates that the attorneys performed 34.75 hours of work, totaling $6,120.52, and the paralegals performed 6.7 hours of work, totaling $670.00, which added together totals the $6,790.52 (Id.). The Commissioner agrees that Clark is entitled to reasonable attorney fees but argues that her requested rate of $176.13 per hour is not justified under the EAJA (DN 24, at p. 2). As such, the Commissioner recommends the Court use the prevailing hourly rate of $140.00 (Id.). In reply, Clark attaches a declaration of Howard J. Olinsky and argues that the Sixth Circuit approved a similar rate in Glenn v. Commissioner of Social Security, 763 F.3d 494, 497 n. 3 (6th Cir. 2014).

To be entitled to attorney fees under the EAJA, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable. 28 U.S.C. §§ 2412(d)(1)(A),(B). With respect to the hourly rate awarded to attorneys, the EAJA states:

> The amount of fees awarded shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). When requesting an increased hourly-fee rate, the claimant bears the burden of producing "satisfactory evidence –in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009) (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)). The court has the sound discretion to rule on this issue and should not consider the $125.00 rate as a "minimum hourly fee." Begley v. Sec'y of Health & Human Servs., 966 F.2d 196, 199-200 (6th Cir. 1992) (citing Chipman v. Sec'y of Health & Human Servs., 781 F.2d 545, 547 (6th Cir. 1986)).

As mentioned above, Clark relies on the Bureau of Labor Statistics' Midwest All Urban Consumer Price Index to argue that the hourly rate should be enhanced to $176.13 based on cost-of-living increases (DN 23-1, at p. 2). However, the Sixth Circuit holds that the Consumer Price Index alone is insufficient to sustain the claimant's burden of producing appropriate evidence to support an increased rate. Bryant, 578 F.3d at 450.

Clark also submits the declaration of attorney Howard J. Olinsky in support of the cost-of-living enhanced rate of $176.13 per hour (DN 25-1). Yet Mr. Olinsky's affidavit merely indicates he is an attorney in Syracuse, New York, who has a great deal of experience practicing Social Security law, and that his current contingent hourly rate in other matters is $450.00 per hour (Id.). The Sixth Circuit explains that the prevailing market rate is:

3

> [T]hat rate at which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices, at least where the lawyer's reasonable 'home' rate exceeds the reasonable 'local' charge.

Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 350 (6th Cir. 2000) (quoting Hudson v. Reno, 130 F.3d 1193, 1208 (6th Cir. 1997) *cert denied*, 525 U.S. 822 (1998)). Mr. Olinsky's affidavit focuses on his experience but fails to discuss the rate at which lawyers of comparable experience in Bowling Green, Kentucky, reasonably expect to command.

Additionally, Clark relies on a footnote in the Glenn case that reads as follows: "[t]he fees requested included 39.6 hours of work in 2012 at a rate of $ 171.06, 3.5 hours in 2013 at a rate of $173.01, and 1.9 hours of administrative work at a rate of $80. Both the number of hours worked and modest hourly rates requested appear to be reasonable." 763 F.3d at 497 n. 3. The issue in Glenn, however, was not whether the requested hourly rate was reasonable but, rather, whether the Commissioner's position on appeal was "substantially justified." Id. Accordingly, the footnote is nothing more than *dictum*. Moreover, while the Sixth Circuit's observation might be helpful when assessing the prevailing market rate for attorney's services in the Eastern District of Michigan, it has no bearing here. Again, the issue in Clark's case is the rate at which lawyers of comparable skill and experience can reasonably expect to command within Bowling Green, Kentucky.

Even when considering the Midwest All Urban Consumer Price Index, the affidavit from Mr. Olisnky, and the footnote from Glenn together, Clark has failed to produce evidence demonstrating the requested rate of $ 176.13 is in line with the prevailing rates in the community. *See,* Bryant, 578 F.3d at 450.

4

By contrast, the Commissioner has cited recent rulings establishing that $140.00 per hour is a reasonable and customary rate for experienced social security practitioners in the Louisville metropolitan area, in the Western District of Kentucky. *See*, Report Hale v. Colvin, no. 14-142 (W.D. Ky. Sept. 28, 2015); Neff v. Colvin, No. 13-638, 2015 WL 796604, at *3 (W.D. Ky. Feb. 25, 2015); Harville v. Colvin, No. 13-4176, 2015 WL 64977, at *2 (W.D. Ky. Jan 5, 2015). The undersigned has found additional cases reaching the same conclusion. Order Murry v. Colvin, Case No. 3:12CV-00056-CRS (W.D. Ky. Nov. 20, 2013) (counsel had over 40 years of experience); Order Land v. Astrue, No. 3:06CV-00227-EHJ (W.D. Ky. Aug. 30, 2007) ("The Court concludes that for experience Louisville metropolitan area practitioners who concentrate in social security disability work, the presumptive maximum EAJA hourly rate will be $ 140."). Obviously the cost of living and prevailing rates in the Louisville metropolitan area are higher, perhaps considerably higher, than the Bowling Green area. Nevertheless, the Court recently concluded that $140.00 per hour is the prevailing market rate within the Owensboro Division of the Western District of Kentucky. Report Esters v. Colvin, No. 4:13CV-00055-JHM (W.D. Ky. Feb. 4, 2015).

To that end, the undersigned finds that an award in excess of $125.00 per hour is appropriate due to an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Yet Clark fails to produce evidence that $176.13 is the prevailing rate in the Bowling Green area for similar services by lawyers of reasonably comparable skill, experience, and reputation. Bryant, 578 F.3d at 450. The undersigned, instead, will give Clark's counsel the benefit of the doubt and compensate him at the rate of $140.00 per hour because that is the prevailing market rate for social security practitioners in the Western District of Kentucky.

The Commissioner does not object to Clark's request that the paralegals be paid at the rate of $100.00 per hour. Further, the Commissioner does not object to the calculation of 34.75 hours of attorney work and 6.7 hours of paralegal work. The Court finds this hourly rate for the paralegals and the total amount of time to be reasonable for this case. Multiplying the 34.75 hours of attorney work by $140.00 per hour results in $4,865.00. Multiplying the 6.7 hours of paralegal work by $100.00 per hour results in $670.00. Thus, the total amount of the attorney fee award is $5,535.00.

Pursuant to Astrue v. Ratliff, an EAJA fee award "is payable to the litigant [not the attorney] and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589, 130 S.Ct. 2521, 177 L.Ed. 2d 91 (2010). Accordingly, after this Court enters an award for Clark, the Commissioner will determine whether he owes a debt to the United States Government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount awarded to Clark. If Clark does owe a debt to the Government, her EAJA fee award will be applied toward such a debt by the Treasury Department's Offset Program, and the Commissioner will notify the Treasury Department that if any funds remain after the EAJA fee award is applied to her debt, the Treasury Department should issue a check for the remaining funds made payable to Clark and mail that check to her counsel. If, on the other hand, the Commissioner verifies that Clark owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Clark.

## **ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Clark's motion for attorney fees (DN 23) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Clark's request for an award of attorney fees at the rate of $ 176.13 per hour is **DENIED**.

**IT IS FURTHER ORDERED** that Clark is awarded attorney fees at the rate of $ 140.00 per hour and paralegal fees at the rate of $ 100.00 per hour.

**IT IS FURTHER ORDERED** that Clark is awarded attorney fees in the amount of $5,535.00 (34.75 hours multiplied by $140.00 plus 6.7 hours multiplied by $100.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter the separate judgment in favor of Clark and against the Commissioner in the amount of $5,535.00 in attorney fees.

Copies: Counsel